**CONDOR CORPORATION, a Minnesota corporation, Appellant,**

v.

**CITY OF ST. PAUL, a municipal corporation, Appellee.**

No. 91–1605.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 26, 1991.

Decided Sept. 3, 1991.

Frank J. Walz, Minneapolis, Minn., argued (Caryn S. Glover, on brief), for appellant.

Jerome J. Segal, St. Paul, Minn., argued (Jane A. McPeak, on brief), for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

This matter comes before the court on appeal from a denial of the district court to forbid the City of St. Paul from imposing certain conditions on the permit to operate a heliport within a I–1 zone district within the City. This court's earlier decision, decided August 17, 1990, held that the denial of a permit under the conditions the City had set up in a moratorium resolution of July 14, 1988, was arbitrary action under Minnesota law. *See Condor Corp. v. City of St. Paul,* 912 F.2d 215 (8th Cir.1990). We determined that there was compliance with the moratorium allowing permit applications to proceed. One of the conditions of compliance of the moratorium resolution was that the City planning commission review certain conditions for issuance of a special conditions use permit. As we recognized in our earlier opinion, Condor negotiated with the City and proposed a voluntary agreement under which certain conditions relating to restricted hours and number of operations and flight paths would be implemented under the permit.

On a motion for rehearing before this court, the City requested that should this court decline to grant the petition for rehearing "the City requests that the Court remand the issuance of the permit to the District Court with directions to impose as conditions upon the permit those conditions set forth in the proposed operations agreement." (J.App. at 346). This court denied the petition for rehearing without further amplification of its order. We feel the position of the City presented to this court at that time precludes it from imposing new conditions on the permit other than those included in the operations agreement. Our earlier opinion recognized that the proposed operations agreement by Condor was in fact one of the conditions of compliance with the moratorium. On this basis we vacate the judgment of the district court and once again remand to the district court with directions that it grant the permit conditioned on the restrictions incorporated in the proposed operations agreement. (J.App. at 164). On its earlier review the proposed operations agreement provided the only conditions the City considered relevant to public health, safety or welfare. As long as Condor is willing to enter into a voluntary agreement to restrict users of the heliport, we do not deem the concern of federal preemption relevant to the issues before us.

The case is remanded to the district court to enter judgment in accord with this opinion.